T.C. Summary Opinion 2007-115

UNITED STATES TAX COURT

DAVID A. POPPER AND CLAUDETTE B. STULZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23407-05S.                  Filed July 3, 2007.

David A. Popper and Claudette B. Stulz, pro sese.

<u>Carrie L. Kleinjan</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined for 2003 a deficiency in petitioners' Federal income tax of $4,271. After a concession by petitioners,[1] the sole issue for decision is whether certain payments received by Claudette B. Stulz (petitioner) are military allowances excludable from petitioners' gross income.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Jacobstown, New Jersey.

During 2003 petitioner was retired from the U.S. military and was not on active duty. She was, however, employed as a Junior Reserve Officers' Training Corps (JROTC) instructor for the Township of Winslow Board of Education (Township). She performed her JROTC instruction at Winslow Township High School located at 10 Coopers Folly Road, Atco, New Jersey.

The Township issued to petitioner a Form W-2, Wage and Tax Statement, reporting wages of $43,466.24. Petitioners failed to report on their joint Federal income tax return $16,965 of petitioner's Township wages under the belief that a portion of the JROTC instructor wages is nontaxable. The statutory notice of deficiency issued by respondent determined that all of the

---

[1]Petitioners agree that additional pension and annuity income of $108 must be included in income for 2003.

wages reported by the Township are includable in petitioners'
gross income for the year.

### Discussion

Petitioners dispute not the receipt of the contested income,
but rather its characterization as taxable compensation. The
issue for consideration, therefore, is whether the pay that
petitioner received as a JROTC instructor should be treated as
including nontaxable military allowances or whether such pay, as
argued by respondent, was entirely taxable compensation for
services rendered.

The Commissioner's deficiency determinations are presumed
correct, and taxpayers generally have the burden of proving these
determinations are incorrect. Rule 142(a); Welch v. Helvering,
290 U.S. 111, 115 (1933). Under certain circumstances, however,
section 7491(a) may shift the burden to the Commissioner with
respect to a factual issue affecting liability for tax. The
material facts in this case, however, are not in dispute. The
case is decided by applying the law to the undisputed facts, and
section 7491(a) is inapplicable.

Gross income means all income from whatever source derived.
Sec. 61(a). Military pay received by members of the Armed Forces
is within the scope of section 61(a). See sec. 1.61-2(a)(1),
Income Tax Regs. Congress may, if it chooses, specifically
exempt certain items from gross income. See Commissioner v.

Glenshaw Glass Co., 348 U.S. 426, 430 (1955). For example, certain military compensation, such as that received by members of the Armed Forces serving in combat zones, is excluded from gross income. Sec. 112. Military subsistence, uniform allowances, and other amounts received as commutation of quarters are excludable from gross income. See sec. 1.61-2(b), Income Tax Regs.

Petitioners contend that the unreported portion of the JROTC instructor's pay represents "qualified military benefits" that are excludable from gross income pursuant to section 134 and 10 U.S.C. section 2031(d) (2000). Petitioners rely on the statutes and copies of ARMY JROTC Instructor Monthly Statements. The latter documents calculate petitioner's pay reimbursed to the school "on your behalf". Petitioner argues that the statements clearly show pay and allowances directly from U.S. Army funds.

Department of Defense (DOD) Directive No. 1205.13 (Dec. 26, 1995), provides that the total compensation received by a retiree-instructor is to be equal to the difference between retired pay and active duty pay plus "allowances" that the retiree-instructor would receive if ordered to active duty. DOD Instruction 1205.13, reissued and updated February 6, 2006, states that for calculating instructor pay, active duty pay is limited to basic pay and allowances "which the individual would receive if called to active duty." DOD Instruction 1205.13,

E.1.1.2.

Petitioners propose that 10 U.S.C. sec. 2031(d) establishes equitable parity in the compensation of retired and active duty instructors. Petitioners argue for an exclusion from income equal to the sum of the allowances received by active duty members of the same rank. Otherwise, the disposable income that petitioner would receive as a JROTC instructor would be less than that of an active duty officer performing identical services.

The issues petitioners raise already have been addressed by this Court. See Lyle v. Commissioner, 76 T.C. 668 (1981), affd. without published opinion 673 F.2d 1326 (5th Cir. 1982); Bynam v. Commissioner, T.C. Memo. 2001-142; Tucker v. Commissioner, T.C. Memo. 1999-373.

In Lyle v. Commissioner, supra, the Court held that retired military personnel may not rely on 10 U.S.C. section 2031(d) to exclude from income wages received as a JROTC instructor. The Court found: (1) The plain language of 10 U.S.C. section 2031(d) does not authorize an exclusion from gross income for amounts paid to JROTC instructors not on active duty; and (2) JROTC instructors are employed by the local school district and are paid for services, partly funded by the Federal Government, rendered to that school district.

Petitioner received in 2003 her regular retired pay to which she was entitled whether or not she performed any services. She

received no other compensation or allowances from the Federal Government. Although it is true that the Federal Government reimburses school districts for one-half of the "additional amount" paid to retired members, the ultimate burden of disbursing funds and establishing compensation scales lies with the employing school. See 10 U.S.C. sec. 2031(d)(1); Lyle v. Commissioner, supra at 674; Tucker v. Commissioner, supra. The employing institution is responsible for issuing compensation checks and Forms W-2 to all of its employees.

Because the Federal Government does not assume any kind of employer status, no portion of the compensation that petitioner received as a JROTC instructor could be classified as a subsistence, quarters, or variable housing allowance from the Armed Forces. Lyle v. Commissioner, supra at 674. The statutory provision, in conjunction with the implementing directives issued by DOD, establishes a formula for computing the minimum "additional amount" of compensation retired military instructors are entitled to receive from the employing school and the maximum portion of such "additional amount" that will be reimbursed by the Federal Government. Id. at 675. The "additional amount" is, in effect, an inducement offered to persuade retired personnel to accept employment as JROTC instructors. Id. at 676. Active duty pay is merely a guideline in determining the level at which JROTC instructors are to be compensated.

In Lyle v. Commissioner, supra at 674-675, the Court explained why retired members serving as JROTC instructors do not receive nontaxable "allowances". Only members of the military who are entitled to receive "basic pay" are entitled to an allowance for subsistence, in lieu of meals in kind, and a basic allowance for quarters, unless quarters provided by the military are occupied by the member. See 37 U.S.C. secs. 402 and 403 (2000). Petitioner did not qualify for these allowances because she did not receive "basic pay". She did not receive "basic pay" because she was not on "active duty". See 37 U.S.C. sec. 204 (2000). Petitioner was not on "active duty" because, as a retired military JROTC instructor, she "is not, while so employed, considered to be on active duty or inactive duty training for any purpose." 10 U.S.C. sec. 2031(d)(2).

Petitioners object to the Court's "reliance" on the language of 10 U.S.C. section 2031(d)(2). They argue that the provision is in contravention of other Federal rules. Petitioners produced a memorandum dated September 9, 1993, from the Department of the Army serving notice that retired military are allowed to use "government housing". They contend that this proves petitioner is on "active duty" and entitled to allowances.

In Army Regulation (AR) 210-50 (revision effective March 26,

1999)[2], par. 3-40, Authority to Occupy Army Lodging Facilities, "When space is available," however, it states that paid retirees may occupy UPH(TDY) (unaccompanied personnel housing, temporary duty) or GH (guest housing) facilities. On equal footing with paid retirees for such housing on a space available basis are certain employees of the U.S. Public Health Service, National Oceanographic and Atmospheric Administration, and foreign military personnel. Surely, petitioners would not argue that the provision means that those Federal employees and foreign military personnel are on active duty with and are entitled to allowances from the U.S. Army. There is no connection between the availability of housing and the operation of 10 U.S.C. sec. 2031(d)(2).

Petitioners have failed to take note of a more relevant provision. Army Regulation (AR) 145-2, Junior Reserve Officers' Training Corps Program, Organization, Administration, Operation, and Support (revision effective March 24, 2000), par. 4-20, states that "Although an instructor may receive an amount 'equal' to the military pay and allowances he or she would receive if on active duty, the payments he or she receives are not, in fact, military pay and allowances paid by the Army."

---

[2]AR 210-50 was revised as of October 3, 2005. The substance of the revised regulation is the same. See AR 210-50, 3-3 (Eligibility for family housing), 3-33 (Assignment of housing to civilian employees), 3-34 (Assignment of housing to foreign military personnel).

In their oral and written presentations to the Court, petitioners evince a belief that the statutory interpretations as expressed in the Court's opinions cited above are incomplete. According to petitioners, the opinion of the Court in Lyle did not take into consideration that a JROTC instructor has a "dual relationship" with the Army and the school. The Court, however did address this issue in Lyle v. Commissioner, 76 T.C. at 674. There the Court notes that:

> Although the Federal Government reimburses the school districts for one-half the "additional amount" paid to the retired officers, the responsibility for disbursing these funds and determining the ultimate amount of the retired officers' compensation rests with the employing school. Since the school, and not the Federal Government, is the employer, it is difficult to see how any compensation petitioner received from the school could be considered a subsistence or quarters allowance received from the Federal Government. We find that while petitioner served as a Junior ROTC instructor, his sole employment relationship was with the Ector County School District and that he did not receive any nontaxable quarters or subsistence "allowances" from the district.

Cadet Command Regulation (CCR) 145-2, par. 4-4 (May 1, 2006), submitted as evidence by petitioners, comports with the finding of the Court in Lyle. That provision states that the "school or school board is the employing agency of all JROTC personnel" and that the Army will reimburse the school in accordance with AR 145-2. According to the regulation, although the Army is restricted in the amount it can reimburse the school or school board, the school or school board is not restricted in the amount it can pay a JROTC instructor.

Petitioners may be unaware of two Federal District Court opinions issued before this Court's decision in Lyle. In Scott v. United States, 33 AFTR 2d 74-858, 74-1 USTC par. 9281 (D.S.C. 1973), the District Court found that 10 U.S.C. section 2031 merely sets out a formula to calculate the salary of retired members serving as JROTC instructors. It further found that military "allowances" are payable only to members entitled to "basic pay", only active duty members are entitled to basic pay, and that the taxpayer, retired from the military, was not on active duty while serving as a JROTC instructor. The decision by the Federal District Court in Sweeney v. United States, 34 AFTR 2d 74-5700, 74-2 USTC par. 9672 (N.D. Ga. 1974), discusses favorably and is in accord with Scott. See also Tucker v. Commissioner, T.C. Memo. 1999-373 (even where 100 percent of taxpayer's salary was reimbursed under special condition by the Federal Government, JROTC salary not excludable). Petitioners have pointed to no court decision to support their position.

In view of the foregoing, the Court holds that no portion of the JROTC pay that petitioner received from the Township is excludable from gross income.

The Court has considered all of the other arguments made by petitioners, and, to the extent not specifically discussed above, the Court concludes those arguments are without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.